# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 15, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JIMMY HAMMONDS,**
**Claimant Below, Petitioner**

**vs.)    No. 16-1091** (BOR Appeal No. 2051328)
                          (Claim No. 2015023528)

**CONSOL OF KENTUCKY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jimmy Hammonds, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consol of Kentucky, Inc., by James W. Heslep, its attorney, filed a timely response.

The issue on appeal is whether Mr. Hammonds developed carpal tunnel syndrome in the course of and resulting from his employment. The claims administrator rejected the claim on August 19, 2015. The Office of Judges modified and affirmed the decision in its May 11, 2016, Order. The Order was affirmed by the Board of Review on October 24, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hammonds, an electrician, alleges that he developed carpal tunnel syndrome in the course of and resulting from his employment. An EMG/NCV taken on October 17, 2012, showed bilateral severe carpal tunnel syndrome slightly worse on the right. Mr. Hammonds was in a motor vehicle accident in 2012. A letter from Allstate Insurance dated August 21, 2013, requested Mr. Hammonds to submit supporting documents that his carpal tunnel syndrome is related to his car accident. The letter stated that there was no injury to Mr. Hammonds's hands at that time and he needed to submit supporting documentation if he felt it was related to his carpal tunnel syndrome.

1

The February 4, 2015, Report of Injury states that Mr. Hammonds worked as an underground electrician. The injury was listed as to his hands and arms from twisting and turning wrenches, pulling and pushing equipment, and lifting chain hoists. Lon Lafferty, M.D., completed the physician's section and diagnosed occupational bilateral carpal tunnel syndrome. The date of initial treatment was November 23, 2012. The claims administrator rejected the claim on August 19, 2015. It stated that it requested additional information from Dr. Lafferty that was not received. It also found that the medical information provided shows the carpal tunnel syndrome is due to a June of 2012 car accident.

In a September 9, 2015, treatment note, Dr. Lafferty evaluated Mr. Hammonds for back pain. Mr. Hammonds reported that he tried to plug a tire the day before but his hands went numb when he was pushing on the plug handle. His past medical history included bilateral carpal tunnel syndrome repair. Dr. Lafferty said the carpal tunnel syndrome was documented in his office for two years or so. He related the carpal tunnel syndrome to a long history of repetitive stress injury to the wrists.

Mr. Hammonds answered interrogatories on October 5, 2015, indicating that he had surgery on his elbows and hands at Kings Daughter's Medical Center. He stated that he has been diagnosed with degenerative disc disease in his neck and back. He stopped working on November 23, 2013, due to carpal tunnel syndrome. He stated that he chews tobacco, has no hyperthyroidism, and has never been diagnosed with diabetes.

In an October 12, 2015, treatment note, Dr. Lafferty stated that Mr. Hammonds continued to have pain, numbness, and weakness in both hands. His grip strength was decreased bilaterally and it was painful. Dr. Lafferty related the carpal tunnel syndrome to his work and a previous motor vehicle accident.

Mr. Hammonds testified in a deposition on January 15, 2016, that as an electrician he worked with wrenches, ratchets, drills, grinders, and other maintenance tools. The drills and grinders were vibrating tools. He began experiencing tingling, numbness and swelling bilaterally in 2009. He was in a car accident in 2012, with the main injury being to his neck. He had hand and elbow surgery in November of 2013 and was taken off of work on November 23, 2013, by Dr. Lafferty. Mr. Hammonds stated that he writes left handed but is ambidextrous for other tasks. His symptoms are about the same in both hands. Surgery initially helped but after healing he experiences loss of strength, tingling, and numbness. He noted that he has rotator cuff tears in both shoulders and previously underwent cubital tunnel release. He stated that he has no hobbies or activities in which he uses his hands in a forceful repetitive action. He had high blood pressure in the past for which he took medication.

The Office of Judges modified the claims administrator's rejection of the claim and rejected the claim on the basis that the evidence shows the carpal tunnel syndrome is not work-related on May 11, 2016. It found that Mr. Hammonds has been treated by Dr. Lafferty for bilateral carpal tunnel syndrome since November of 2012. He stopped working on November 23, 2013, when he underwent carpal tunnel syndrome release on his right hand and cubital tunnel surgery at the elbow. This predated his application for benefits for an occupational disease. Dr. Lafferty completed the

physician's section of the Report of Injury and diagnosed bilateral carpal tunnel syndrome. Dr. Lafferty's treatment notes indicate that Mr. Hammonds has some back problems in addition to carpal tunnel syndrome. Dr. Lafferty stated in a September 9, 2015, note that Mr. Hammonds's bilateral carpal tunnel syndrome was documented in his record at that office for over the past two years and that the condition was related to a long history of repetitive stress injury to the wrists. The Office of Judges noted that Mr. Hammonds was in a motor vehicle accident in 2012 and injured his neck. A letter from Allstate Insurance requested that he submit supporting documents that his carpal tunnel syndrome was related to the injury. The Office of Judges therefore determined that he had attempted to have carpal tunnel syndrome covered through the auto accident.

The Office of Judges concluded that the fact that Mr. Hammonds had bilateral carpal tunnel syndrome surgery well before he ever filed this claim for carpal tunnel syndrome makes the timing of his claim somewhat suspect. Further, he never returned to work after he was off in November of 2013 to have that surgery. Therefore, he has not had any further work exposure. Mr. Hammonds now reports that his symptoms are returning which the Office of Judges determined indicates that the etiology of the carpal tunnel syndrome is not work-related. It noted that one would expect the carpal tunnel syndrome to improve with no further exposure post-surgery if it was occupationally related. The Board of Review adopted the findings of fact and conclusions of law of the OOJ and affirmed its Order on October 24, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence indicates that Mr. Hammonds has carpal tunnel syndrome; however, it is not related to his employment duties. He underwent carpal tunnel syndrome surgery long before he filed this claim. His symptoms returned after the surgery despite the lack of occupational exposure. His claim was correctly rejected.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 15, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum

Justice Elizabeth D. Walker